**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1394
_____

ANTOINE WALKER,
                                        Appellant

v.

C.O. STUDLACK
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:17-cv-02371)
Magistrate Judge:  Honorable Martin C. Carlson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: February 22, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Antoine Walker, proceeding pro se, appeals from a judgment entered after a jury trial on an excessive force claim that he brought against a correctional officer ("CO"). For the following reasons, we will affirm.

In 2017, Walker, a state inmate, filed a complaint against the CO, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. Dkt. No. 1. Walker claimed that, after he filed a grievance alleging that the CO repeatedly harassed him, he and the CO had a physical altercation during which the CO punched him, employed pepper spray, and tightly handcuffed him, causing numerous injuries. Id. at 4-6. Walker sought monetary damages and injunctive relief. Id. at 7.

Walker proceeded pro se until the District Court denied his motion for summary judgment and appointed counsel to represent him at trial.[1] Dkt. Nos. 105 & 108. Following a three-day trial, the jury issued a verdict in favor of the CO. Dkt. No. 172. Walker filed a timely notice of appeal. Dkt. No. 175.

On appeal, Walker argues that the District Court abused its discretion by concluding that the testimony of Alvin Starks, a fellow inmate, was inadmissible and by improperly precluding Walker from introducing impeachment evidence.[2] C.A. Dkt. No.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). Dkt. No. 111.

[2] Walker also cursorily asserts that the evidence presented was insufficient to support the verdict. C.A. Dkt. No. 17 at 2 & 5. Walker provided no support for this assertion, so he has forfeited the argument. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). To the extent Walker seeks to challenge juror competency, C.A. Dkt. No. 17 at 1, that claim has been forfeited because it was not raised at trial, see 28 U.S.C. § 1867(c) (requiring timely objection in civil cases to preserve issues under the Jury Selection Act). Moreover, Walker has submitted no evidence to support a juror competency challenge. Walker also

2

17 at 3-4. We have jurisdiction under 28 U.S.C. § 1291. We review evidentiary rulings for abuse of discretion, and we will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view. See United States v. Starnes, 583 F.3d 196, 213-14 (3d Cir. 2009); Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 519 (3d Cir. 2003).

As to Walker's argument that the District Court abused its discretion regarding the admissibility of Starks' testimony, we disagree. Before trial, Walker indicated that Starks would testify that Walker told him about the CO's verbal harassment before the altercation, and that he encouraged Walker to file a grievance. Dkt. No. 139 at 8. The District Court deferred ruling on the admissibility of Starks' testimony until trial, "on a fully developed factual record." Dkt. No. 151 at 18. At trial, Walker argued that Starks' testimony about Walker's prior statements was admissible as non-hearsay under Federal Rule of Evidence 801(d)(1)(B). Dkt. No. 182 at 101. The District Court disagreed, because no allegations of a recent fabrication had been made, and the temporal and topical remoteness of the statements could cause prejudice and confusion. Id. at 101-03 (discussing Fed. R. Evid. 403 & 801(d)(1)(B)(i) and referencing Walker's own testimony that the conversations with Starks occurred "at least a year" before the altercation). We discern no abuse of discretion, as it was reasonable to conclude that Starks' testimony

mentions that he requested a bench trial when he filed his complaint, C.A. Dkt. No. 17 at 5, but he neither communicated that desire nor objected to a jury trial during the protracted pretrial proceedings, when he was represented by counsel. He also does not explain how having the matter heard by a jury was an error or prejudiced him.

was inadmissible under the circumstances. See United States v. Frazier, 469 F.3d 85, 88 (3d Cir. 2006) (discussing the requirements of Fed. R. Evid. 801(d)(1)(B)).

Walker also generally argues that the District Court improperly prohibited him from introducing evidence of the CO's prior conduct for impeachment purposes.[3] C.A. Dkt. No. 17 at 3-4. The District Court ruled that the evidence of the CO's prior conduct that Walker sought to present—allegations of excessive force made in an unrelated civil rights complaint—was inadmissible under Federal Rule of Evidence 608(b) because, in addition to being baseless, the allegations were not probative of the CO's character for truthfulness. Dkt. No. 183 at 6-8 & 29-30. We discern no abuse of discretion in that ruling.[4] See, e.g., United States v. Davis, 183 F.3d 231, 256-57 (3d Cir. 1999) (where evidence of witness' prior misappropriation and lying was admissible under Rule 608(b), but evidence of a prior physical assault was not).

Accordingly, we will affirm the judgment of the District Court.

---

[3] Despite Walker's suggestion otherwise, C.A. Dkt. No. 17 at 3-4, the District Court did allow him to cross-examine the CO about prior inconsistent statements for the purposes of impeachment, Dkt. No. 183 at 11-13 & 31-33.

[4] Walker also contends on appeal that the CO lied during trial, C.A. Dkt. No. 17 at 4, but he is not entitled to relief based on that allegation, see William A. Graham Co. v. Haughey, 646 F.3d 138, 143 (3d Cir. 2011) (explaining that a court must not substitute its judgment regarding witness credibility for that of the jury, especially on appeal).